[Cite as *Wells Fargo Bank, Natl. Assn. v. Elliott*, 2013-Ohio-3690.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| WELLS FARGO BANK, NATIONAL ASSOCIATION | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 13 CAE 03 0012 |
|  | : |  |
| CHRIS W. ELLIOTT, ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellant |  |  |

CHARACTER OF PROCEEDING:        Civil appeal from the Delaware County
Court of Common Pleas, Case No. 11CV E
091206

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        August 27, 2013

APPEARANCES:

For Plaintiff-Appellee

STEPHEN WILLIGER
127 Public Square
3900 Key Tower
Cleveland, OH 44114

MICHAEL DILLARD, JR.
41 South High Street, Suite 1700
Columbus, OH 43215

For Defendants-Appellant

GREGORY WETZEL
DANIEL YARMESCH
4200 Regent Street, Suite 200
Columbus, OH 43219

*Gwin, P.J.*

{¶1} Appellant appeals the February 4, 2013 judgment entry of the Delaware County Common Pleas Court denying his motion to dismiss complaint.

*Facts & Procedural History*

{¶2} On October 27, 2006, appellant Chris W. Elliott executed a promissory note in favor of Ethical Mortgage Lending, LLC ("Ethical Mortgage") for $162,000. Also on that date, appellant executed a mortgage that secured the note and encumbered the property located at 6207 Charmar Drive, Westerville, Ohio. The mortgage indicated the lender was Ethical Mortgage Lending, LLC, and listed Mortgage Electronic Registration Systems ("MERS") as nominee for lender and lender's successors and assigns. The mortgage provided that "MERS is the mortgagee under this Security Instrument." In a document entitled "Assignment of Mortgage" that was recorded January 12, 2011, MERS, as nominee for Ethical Mortgage, assigned the October 27, 2006 mortgage securing 6207 Charmar Drive, Westerville, Ohio, to appellee Wells Fargo Bank, National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2007-AC2.

{¶3} Appellee filed a complaint for foreclosure on September 30, 2011. Appellee attached to the complaint a copy of the October 27, 2006 note with Ethical Mortgage listed as the lender. The note did not contain any endorsement to indicate the note had been transferred or assigned. Also attached to the complaint was a copy of the October 27, 2006 mortgage. Finally, appellee attached to the complaint a copy of the assignment of mortgage recorded on January 12, 2011 from MERS, as nominee for Ethical Mortgage, to appellee.

{¶4} Appellant was served with the complaint on October 10, 2011, by process server, but did not file an answer to the complaint. On April 13, 2012, appellee filed a motion for default judgment against appellant. Appellee filed an affidavit in support of its motion for default judgment which incorporated a copy of the October 27, 2006 note. However, this copy of the note contained an endorsement by Ethical Mortgage made payable to Huntington National Bank and a second endorsement made by Huntington National Bank payable to blank. The trial court granted appellee's motion for default in a judgment entry and decree of foreclosure on April 19, 2012 and indicated the judgment entry and decree of foreclosure was a final appealable order. Appellant did not appeal the April 19, 2012 judgment entry and decree of foreclosure. The trial court scheduled a sheriff's sale of the home on July 11, 2012. Appellant filed a Chapter 7 bankruptcy petition on July 10, 2012. Appellee was granted relief from the automatic bankruptcy stay on August 21, 2012 and on October 18, 2012, appellee filed with the trial court a notice that the automatic stay was no longer in effect. On November 7, 2012, a sheriff's sale of the home was scheduled for December 12, 2012.

{¶5} On November 9, 2012, appellant filed a motion to dismiss complaint pursuant to Civil Rule 12(B)(1). The trial court denied appellant's motion to dismiss on February 4, 2013. The trial court first determined that Civil Rule 12(B)(1) is not the proper procedural tool for appellant's request because it is only before judgment has been rendered or after the judgment has been vacated that the trial court may consider a motion to dismiss complaint. The trial court further found that the assignment of the mortgage in this case which was completed prior to the filing of appellee's complaint was sufficient to transfer both the mortgage and the note. The trial court concluded

appellee had standing at the time the complaint was filed.  Appellant filed an appeal of the trial court's February 4, 2013 decision denying his motion to dismiss and raises the following assignments of error on appeal:

{¶6}  "I. THE TRIAL COURT ERRED WHEN IT HELD CHRIS W. ELLIOTT ("MR. ELLIOTT") COULD NOT CHALLENGE ITS SUBJECT MATTER JURISDICTION POST-JUDGMENT WITHOUT FIRST FILING A MOTION FOR RELIEF FROM JUDGMENT.

{¶7}  "II. THE TRIAL COURT ERRED WHEN IT HELD WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED CERTIFICATES, SERIES 2007-AC2 ("WELLS FARGO") ESTABLISHED ITS STANDING TO INVOKE THE SUBJECT MATTER JURISDICTION OF THE COURT. "

I.

{¶8}  Appellant first argues the trial court erred in finding a Civil Rule 12(B)(1) is not the proper procedural method to address appellant's arguments because the issue of subject matter jurisdiction can be raised at anytime during the proceedings and because appellee lacked subject matter jurisdiction at the time the complaint was filed and thus the default judgment is void ab initio.  We disagree.

{¶9}  Jurisdiction is the trial court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003 (1998); *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972).  The term jurisdiction "encompasses jurisdiction over the subject matter and over the person." *State v. Parker*, 95 Ohio St.3d 524, 769 N.E.2d 846 (2002).  Subject

matter jurisdiction is defined as a court's power to hear and decide cases. *Pratts v. Hurley*, 102 Ohio St.3d 81, 806 N.E.2d 992 (2004). Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *U.S. v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781 (2002); *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

{¶10} Separate from the requirement of subject matter jurisdiction in a case is the requirement of standing. Standing is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 875 N.E.2d 550 (2007), quoting Black's Law Dictionary (8th Ed. 2004). Standing depends on "whether the party has alleged such a personal stake in the outcome of the controversy* * * as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." *Id.*, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 178-179, 298 N.E.2d 515 (1973). In order to establish standing, a plaintiff must show they suffered "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 119 L.Ed.3d 351 (1992). "These three factors – injury, causation, and redressability – constitute the irreducible constitutional minimum of standing." *Id.*

{¶11} There is a clear distinction between the requirements of subject matter jurisdiction and standing. Standing focuses on injury, causation, and redressability between a plaintiff and defendant in a case, while subject matter jurisdiction focuses on

the court's power and ability to hear and decide a case. A lack of standing argument challenges the capacity of a party to bring an action, not the court's statutory or constitutional power to adjudicate the case and thus is distinguishable from a lack of subject matter jurisdiction argument. *PNC Bank, N.A. v. Botts,* 10th Dist. No. 12AP-256, 2012-Ohio-5383 (stating standing and capacity to sue do not challenge the subject matter jurisdiction of a court); See also *Country Club Townhouses-North Condominimim Unit Assn v. Slates*, 9th Dist. No. 17299, 1996 WL 28003 (stating lack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court); *Wells Fargo Bank, N.A. v. Brandle*, 2d Dist. No. 2012-CA-0002, 2012-Ohio-3492 (finding lack of standing does not deprive a court of subject matter jurisdiction).

{¶12} Civil Rule 12(B) provides that, "every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defense may at the option of the pleader be made by motion: (1) lack of jurisdiction of the subject matter * * *. Thus, Civil Rule 12(B)(1) provides for dismissal of a complaint where the trial court lacks jurisdiction over the subject matter of the litigation. There is no provision in Civil Rule 12(B)(1) for dismissal for lack of standing or capacity to sue. Thus, appellant cannot rely on lack of standing as the basis for his Civil Rule 12(B)(1) motion. See *Deutsche Bank Nat'l Trust Co. v. Whiteman*, 10th Dist. No. 12AP-536, 2013-Ohio-1636. Appellant could have challenged appellee's standing through a direct appeal of the default judgment and decree of foreclosure, a final appealable order, that the trial court issued on April 19, 2012.

**{¶13}** Appellant argues the holding by the Ohio Supreme Court in *Federal Home Loan Mortgage Corporation v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, compels the trial court to grant his Civil Rule 12(B)(1) motion to dismiss. However, in *Schwartzwald*, the court determined that a plaintiff receiving an assignment of a note and mortgage from the real party in interest subsequent to the filing of the action, but before the entry of judgment, does not cure a lack of standing to file the foreclosure action. *Id.* See also *Deutsche Bank Nat'l Trust Co. v. Whiteman*, 10th Dist. No. 12AP-536, 2013-Ohio-1636. As discussed above, lack of standing does not deprive a court of subject matter jurisdiction and thus lack of standing cannot be challenged in a Civil Rule 12(B)(1) motion to dismiss.

**{¶14}** Further, in *Schwartzwald*, the Supreme Court of Ohio determined the issue of standing may be raised "at any time during the pendency of the proceedings." Subsequent to the issuance of the decision in *Schwartzwald*, the Ohio Supreme Court issued the decision in *Countrywide Home Loans Servicing v. Nichpor*, finding that after a judgment entry and decree of foreclosure were issued subsequent to a motion for default judgment, the matter is no longer pending. 990 N.E.2d 565, 2013-Ohio-2083. In this case, after appellee filed a motion for default judgment, the trial court issued a judgment entry and decree of foreclosure on April 19, 2012. Thus, the matter was not pending when appellant filed his motion to dismiss.

**{¶15}** Appellant's first assignment of error is overruled.

II.

**{¶16}** Appellant next argues the trial court erred in finding that even if it considered his Civil Rule 12(B)(1) motion to dismiss, the motion would fail on the merits.

Appellant contends the documents attached to appellee's complaint demonstrate appellee lacked standing at the time the complaint was filed. Appellant further argues there was no intent for the mortgage and note to move together and that MERS could not assign the mortgage. We disagree.

{¶17} When reviewing the trial court's denial of a motion to dismiss for lack of subject matter jurisdiction under Civil Rule 12(B)(1), we review the decision de novo. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768. We must determine whether any cause of action cognizable by the forum has been raised in the complaint. *Prosen v. Dimora*, 79 Ohio App.3d 120, 606 N.E.2d 1050 (8th Dist. 1992); *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 537 N.E.2d 641 (1989). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶18} The current holder of the note and mortgage is the real party in interest in foreclosure actions. *U.S. Bank Natl. Assoc. v. Marcino,* 181 Ohio App.3d 328, 908 N.E.2d 1032, 2009–Ohio–1178 (7th Dist.), ¶ 32 citing *Chase Manhattan Mtge. Corp. v. Smith,* 1st Dist. No. C061069, 2007–Ohio–5874, ¶ 18. R.C. 1303.31 provides:

(A) "Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A non-holder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Standing in a foreclosure case requires the lender to establish "an interest in the note or mortgage at the time it filed suit." *Schwartzwald*, 134 Ohio St.3d 13, 979 N.E.2d 1214 (2012).

**{¶19}** In this case, the affidavit of Michael Brown filed with appellee's motion for default judgment states the records he reviewed contained a note executed by appellant in the amount of $162,000 secured by a mortgage and states appellee is the servicer of the loan and is authorized to act on behalf of the holder of the note. It is unclear from Michael Brown's affidavit when the note was negotiated to appellee. However, attached to appellee's complaint is an assignment of mortgage recorded on January 12, 2011, in which MERS, as nominee for Ethical Mortgage, assigns appellant's October 27, 2006 mortgage to appellee.

**{¶20}** In *Bank of New York v. Dobbs*, 5th Dist. No. 2009-CA-000002, 2009-Ohio 4742, we held that the assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note if the record indicates the parties intended to transfer both the note and mortgage. *Id.* See also *Federal Home Loan Mtge. Corp. v. Rufo*, 983 N.E.2d 406, 2012-Ohio-5930 (11th Dist. 2012) (holding the assignment of the mortgage also resulted in the transfer of the note on that date);

*Self Help Ventures Fund v. Jones*, 11th Dist. No. 2012-A-0014, 2013-Ohio-868 (holding that assignment of mortgage is sufficient to transfer a contemporaneous note).

**{¶21}** This case is analogous to the *Dobbs* case as the record indicates the parties intended to transfer both the note and the mortgage. The note dated October 27, 2006 with lender Ethical Mortgage provides as follows:

> In addition to the protections given to the note holder under this note, a mortgage * * * (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. The Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.

**{¶22}** The October 27, 2006 mortgage in which MERS is the mortgagee as nominee for lender Ethical Mortgage, states that "Security Instrument" means "this document, which is dated October 27, 2006." The mortgage further defines the note as "the promissory note signed by Borrower and dated October 27, 2006." The mortgage provides that "[t]his Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note" and that the "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note."

**{¶23}** The note refers to the mortgage and the mortgage refers to the note. Thus, we find a clear intent by the parties to keep the note and mortgage together rather than transferring the mortgage alone. The assignment of the mortgage was sufficient to

transfer both the mortgage and the note. Since the mortgage assignment was recorded on January 12, 2011, approximately eight (8) months before the complaint was filed, the note was effectively transferred on that date.

{¶24} Further, we disagree with appellant's contention that MERS could not assign the mortgage. The mortgage specifically states that MERS is "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns." Ethical Mortgage is listed in the mortgage as the lender. Thus, MERS had the authority to assign the mortgage and note to appellee as nominee for Ethical Mortgage.

{¶25} Accordingly, we find that even if the trial court could have properly addressed appellant's standing arguments in his Civil Rule 12(B)(1) motion to dismiss, appellee had standing at the time the complaint was filed. Appellant's second assignment of error is overruled.

{¶26} Based on the foregoing, we overrule appellant's first and second assignments of error. The February 4, 2013 judgment entry of the Delaware County Common Pleas Court denying appellant's motion to dismiss complaint pursuant to Civil Rule 12(B)(1) is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN


WSG:clw 0812

[Cite as *Wells Fargo Bank, Natl. Assn. v. Elliott*, 2013-Ohio-3690.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRIS W. ELLIOTT, ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellant | : | CASE NO. 13 CAE 03 0012 |

For the reasons stated in our accompanying Memorandum-Opinion, the February 4, 2013 judgment entry of the Delaware County Common Pleas Court denying appellant's motion to dismiss complaint pursuant to Civil Rule 12(B)(1) is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN