[Cite as *J & V Property Mgt. v. Wayne Link*, 2019-Ohio-4232.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| J & V PROPERTY MANAGEMENT | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 19CA6 |
| WAYNE LINK | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Civil appeal from the Mount Vernon
Municipal Court, Case No. 19CVG00338

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 11, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KOREY KIDWELL                         WAYNE LINK     Pro Se
112 North Main Street                   1729 Vernonview Drive,
Mount Vernon, OH 43050              Mount Vernon, OH 43050

*Gwin, P.J.*

{¶1} Appellant appeals the April 29, 2019 judgment entry and writ of restitution issued by the Mount Vernon Municipal Court.

*Facts & Procedural History*

{¶2} On September 5, 2018, appellee J&V Property Management LLC filed a forcible entry and detainer action against appellant Wayne Link. The complaint alleged Link entered into possession of the premises located at 6 West Chester Street, Apartment 5, in Mount Vernon, Ohio, as a tenant under a written lease dated August 26, 2014. J&V further averred that Link was in default of payment of rent for March 1, 2018 to August 31, 2018 in the amount of $720.00. J&V sought judgment against Link for restitution of the premises and costs. Link filed an answer to the complaint, stating he did not enter into a residential lease with J&V, but entered into a residential lease agreement with D.R. Homes. Link stated the rent arrearage is owed to D.R. Homes and thus D.R. Homes is the real party in interest. Link filed a counterclaim against J&V and a cross-claim against D.R. Homes, arguing D.R. Homes and J&V are avoiding compliance with housing standards and D.R. Homes did not maintain the premises in habitable condition. Link sought $20,000 in compensatory damages and $20,000 in punitive damages, and/or injunctive relief of the premises being repaired and in compliance with HUD requirements. Link also filed a motion to transfer the case to the Knox County Common Pleas Court. J&V opposed the motion to transfer.

{¶3} On October 1, 2018, the Mount Vernon Municipal Court issued a judgment entry finding it did not have jurisdiction to entertain the forcible entry and detainer complaint and dismissed the writ of restitution because the notice to vacate attached to

the complaint did not contain part of the mandatory statutory language. The municipal court also transferred Link's counterclaim and cross-claim to the Knox County Court of Common Pleas for adjudication.

{¶4} On October 30, 2018, J&V again filed its complaint in forcible entry and detainer, alleging Link was in default of payment of rent for March 1, 2018 to August 31, 2018 in the amount of $720.00 and seeking restitution of the premises. J&V attached to the complaint an October 1, 2018 notice in writing to vacate with the statutorily required language.

{¶5} Link filed a motion to dismiss the complaint in the Knox County Common Pleas Court on November 15, 2018. Link argued the pleadings state he entered into a lease agreement with J&V, but the lease Link signed is with D.R. Homes and the pleadings say nothing about J&V's relationship with D.R. Homes.

{¶6} The Knox County Court of Common Pleas issued a judgment entry on February 12, 2019 granting the motion to dismiss the complaint because the complaint does not set forth the relationship between J&V and D.R. Homes. The trial court thus dismissed the complaint J&V filed on October 30, 2018. The trial court noted that J&V "may very well possess standing to sue." The trial court also denied Link's motion to amend cross-claim and counterclaim, as well as his motion to add Joe Hedrick, Vicki Hedrick, Rebekah Mullins, Daniel Mullins, and Knox Metropolitan Authority as parties.

{¶7} On February 27, 2019, J&V served Link with a thirty-day notice of termination of periodic tenancy pursuant to R.C. 5321.17(B) by posting it on the door. J&V served a notice to vacate on Link on April 3, 2019, with the statutorily required language. After Link failed to vacate the premises, J&V filed a forcible entry and detainer

complaint on April 9, 2019.  The complaint alleges as follows:  (1) Link entered into possession of the premises as the tenant of D.R. Homes Ltd. under a written lease dated August 26, 2014; J&V became the successor-in-interest to the lease when it purchased the real property located at 6 West Chester Street by a warranty deed from D.R. Homes dated July 25, 2018; pursuant to the lease, the monthly rental amount was $425 per month; Link is in default of payment of rent for March 1, 2018 to April 1, 2019; J&V caused service of a thirty-day notice to vacate the premises in accordance with R.C. 5321.17(B) on February 27, 2019; J&V caused service of notice in writing to vacate the premises on Link in accordance with R.C. 5321.11 and R.C. 5321.17(B); and Link is unlawfully detaining possession of the premises.  J&V sought judgment against Link for restitution of the premises.

{¶8}    Link filed a motion to dismiss on April 16, 2019, requesting the case be dismissed and/or transferred to the Knox County Court of Common Pleas.  The municipal court issued a judgment entry on April 24, 2019 denying Link's motion to dismiss and motion to transfer.

{¶9}    On April 29, 2019, the municipal court conducted a hearing on the complaint and issued a judgment entry granting appellee restitution of the property.  The judgment entry states that Link failed to appear at the hearing.

{¶10}  Subsequently, the clerk of courts issued a writ of restitution, including an eviction date of May 6, 2019.  Link filed a motion to stay execution of judgment and appeal.  The trial court issued a judgment entry on May 3, 2019, finding a use and occupancy bond to be the appropriate type of supersedeas bond in this case and staying the writ of restitution on the following conditions:  (1) Link deposit $425 with the clerk of

court on May 6, 2019; (2) Link deposit $425 with the clerk on the first business day of each month while the appeal is pending; and (3) Link pay for all utilities, except water and garbage, by making payments directly to the utility service provider in a timely manner. The trial court also stated it would immediately vacate the stay of execution if Link fails to make any monthly payment, or fails to pay all utility service providers, except water and garbage, in a timely manner.

{¶11} Appellant appeals the April 29, 2019 judgment entry of the Mount Vernon Municipal Court and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED BY EXERCISING JURISDICTION IN THIS CASE.

{¶13} "II. THE TRIAL COURT ERRED BY NOT DISMISSING AN EVICTION COMPLAINT PURSUANT TO THE OHIO CIVIL RULE 12(B)(6) BECAUSE PRIVITY DID NOT EXIST BETWEEN THE PARTIES AT THE TIME OF THE ALLEGED BREACH BY THE APPELLANT."

I.

{¶14} In his first assignment of error, Link argues the trial court committed error in exercising subject matter jurisdiction over the April 9th forcible entry and detainer action because the counterclaims from the 2018 forcible entry and detainer action remained pending in the common pleas court. Jurisdiction is the trial court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003 (1998); *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972). Subject matter jurisdiction is defined as a court's power to hear

and decide cases. *Pratt v. Hurley*, 102 Ohio St.3d 81, 806 N.E.2d 992 (2004); *Wells Fargo Bank, Nat'l. Assn. v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690.

**{¶15}** Pursuant to R.C. 5321.03(A)(4), a landlord may bring an action under Chapter 1923 for possession of the premises if: (A)(1) the tenant is in default of the payment of rent or (A)(4) a tenant is holding over the tenant's term. R.C. 1923.01, entitled "jurisdiction in forcible entry and detainer," provides that any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands * * *." Further, that if an unlawful and forcible entry has been made, "a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements." *Id.* Thus, the Mount Vernon Municipal Court has subject matter jurisdiction over the April 9th forcible entry and detainer complaint.

**{¶16}** Additionally, Link contends the trial court erred in issuing the April 29th judgment and writ of restitution of the premises due to the doctrines of res judicata and collateral estoppel. "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." *Krahn v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943). Issue preclusion "precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.'" *Id,* quoting *McDonough Power Equipment, Inc.*, 154 Ohio St.3d 1431, 2018-Ohio-4670, 111 N.E.3d 1192.

**{¶17}** In order to apply the doctrine of res judicata, we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Grava v. Parkman Twp.*, 70 Ohio St.3d 379, 653 N.E.2d 226 (1995).

**{¶18}** Link cites to our opinion in *Adams v. Romine*, 5th Dist. Muskingum No. CT2018-0043, 2019-Ohio-482, for the proposition that the April 9th complaint was barred by res judicata. In *Adams*, we found that, pursuant to Civil Rule 13(A), the appellant's claim in the case was a compulsory counterclaim she was required to assert in the landlord's earlier action for damages and thus appellant was barred by the doctrine of res judicata from bringing her claim. However, there is an important distinction between the *Adams* case and the instant case. In *Adams*, the previous forcible entry and detainer action was joined with an action for damages. *Id.* We specifically stated that claims stemming from the rental agreement or the Landlord-Tenant Act are compulsory counterclaims in lawsuits for forcible entry and detainer coupled with an action for back rent and/or money damages. *Id.* However, in this case, none of the forcible entry and detainer actions filed by J&V were coupled with an action for back rent and/or money damages. Thus, *Adams* is inapplicable.

**{¶19}** Pursuant to R.C. 1923.03, judgments under forcible entry and detainer "are not a bar to a later action brought by either party." R.C. 1923.03 has been interpreted to permit subsequent suits between landlords and tenants involving issues and disputes not actually litigated in the previous cases. *Showe Mgmt. Corp. v. Hazelbaker*, 12th Dist.

Fayette No. CA2006-01-004, 2006-Ohio-6356. In this case, restitution of the premises, at issue in the forcible entry and detainer action filed by J&V on April 9th, was not actually and necessarily litigated and determined in the common pleas court. In the common pleas court's judgment entry dismissing the October 30, 2018 forcible entry and detainer complaint, judgment was not rendered on the merits of the case. Thus, it cannot serve as a basis for res judicata. *Id.* Further, though Link contends the April 9th complaint is the same as the previous two forcible entry and detainer complaints, the April 9th complaint contains allegations of the relationship between J&V and D.R. Homes, and contains a thirty day notice to vacate the premises that was served after the dismissal of the other eviction actions.

{¶20} Link cites *Endres Floral Co. v. Endres*, 5th Dist. Tuscarawas No. 90AP020016, 90AP090053, 1991 WL 42512 (March 21, 1991) for the proposition that all claims in this case are necessarily bound and must be brought together in the common pleas court. In *Endres*, this Court determined the trial court should have certified the forcible entry and detainer action with the counterclaim in a common pleas court case because if the appellee prevailed in the common pleas court action, he would retain the right of possession, in addition to damages, because the possession of the premises was conditioned on employment. *Id.* We found the employment action and the forcible entry and detainer action were necessarily bound together because both had been brought by the plaintiff in the same court against the same defendant, and because the tenancy was conditioned on employment. *Id.* By contrast, in this case, the claims currently pending in the Knox County Common Pleas Court are only from Link and there is not a separate employment relationship that inextricably intertwine the parties. The parties have no other

agreements that would make possession of the property conditioned on another relationship. Further, in his counterclaim and cross-claims, appellant requested damages, not possession of the premises. Accordingly, unlike in *Endres*, the counterclaims and cross-claims pending in the common pleas court are not necessarily bound with the forcible entry and detainer action.

{¶21} Link also argues the municipal court lacks subject matter jurisdiction because, due to the pendency of the counterclaims, the municipal court could not determine whether a lessor/lessee relationship existed between the parties. We first note that *Hostetler v. Warnes*, 5th Dist. Holmes No. CA-546, 1996 WL 488555 (Aug. 8, 1996) is factually distinguishable from the instant case. Further, the municipal court in this case did not lack subject matter jurisdiction because, even if it could not determine that a lessor/lessee relationship existed between the parties, the municipal court had subject matter jurisdiction to determine that Link was a holdover tenant pursuant to R.C. 5321.03. See *Ruble v. M&L Properties, Ltd.*, 5th Dist. Ashland No. 10-COA-006, 2010-Ohio-6356 (stating a holdover tenant may be treated as a trespasser).

{¶22} The municipal court did not commit error in exercising jurisdiction over the April 9, 2019 forcible entry and detainer complaint. Link's first assignment of error is overruled.

## II.

{¶23} In his second assignment of error, Link contends the trial court erred by not dismissing the eviction complaint because privity did not exist between the parties. Link argues the trial court's April 29th judgment entry and writ of restitution is contrary to the

common pleas court's decision issued on February 12, 2019 dismissing the October 30, 2018 forcible entry and detainer action.

{¶24} A party is in privity with another if he or she "succeeds to an estate or an interest formerly held by the other," or where a party is so identified in interest with another that the party represents the same legal right. *City of Columbus v. Union Cemetery Assn.*, 45 Ohio St.2d 47, 341 N.E.2d 298 (1976).

{¶25} In this case, the April 9th complaint provides that J&V is the successor-in-interest to Link's written lease with D.R. Homes when it purchased the real property via warranty deed from D.R. Homes. J&V attached the warranty deed to its complaint. Thus, J&V is in privity with D.R. Homes and entitled to enforce the written lease between Link and D.R. Homes because, pursuant to the warranty deed, it succeeds to an interest formerly held by D.R. Homes. Additionally, Link failed to provide this Court with a transcript of the forcible entry and detainer hearing held on April 29, 2019. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶26} Further, we find Link's argument that the April 29th judgment entry and writ of restitution are contrary to the common pleas court's decision on February 12, 2019 to be not well-taken. First, the common pleas court's February 12th entry dismissed the October 30, 2018 forcible entry and detainer action. Subsequently, J&V served Link with a new thirty-day notice of termination, motion to vacate, and forcible entry and detainer complaint. Additionally, in its February 12th judgment entry, the common pleas court

dismissed the October 30, 2018 forcible entry and detainer action because the complaint did not set forth the relationship between J&V and D.R. Homes. However, the court specifically noted that, "J&V may very well possess standing to sue."

{¶27} Standing is "a jurisdictional requirement." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040. A "determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action in order to establish standing." *Id.* In the April 9th complaint, unlike in the October 30th complaint, J&V set forth the relationship between J&V and D.R. Homes. J&V asserts it is in the successor-in-interest to the written lease when it purchased the real property located at 6 West Chester Street by a warranty deed from D.R. Homes dated July 25, 2018. J&V attached the warranty deed to its April 9th complaint.

{¶28} In the balance of his brief, Link argues as to why his counterclaims and cross-claims should succeed and why he did not pay rent. We find any arguments as to the counterclaims and cross-claims are not relevant in the instant action. Further, though Link claims he rightfully failed to pay rent and thus restitution was not appropriate, Link failed to provide this Court with a transcript of the forcible entry and detainer hearing. Thus, we must presume the regularity of the proceedings and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶29} Link's second assignment of error is overruled.

{¶30}  Based on the foregoing, Link's assignments of error are overruled.

{¶31}  The April 29, 2019 judgment entry and writ of restitution issued by the Mount Vernon Municipal Court are affirmed.


By Gwin, P. J.,

Wise, John, J., and

Wise, Earle E., J., concur