[Cite as *Tax Ease Ohio, L.L.C. v. Hillman*, 2021-Ohio-459.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| TAX EASE OHIO, LLC | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 20-CAE-06-0024 |
| STEVEN E. HILLMAN, ET AL | : | |
| | : | |
| Defendant-Appellants | : | OPINION |

CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
                              Court of Common Pleas, Case No. 19-
                              CVE-07-0382

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       February 18, 2021

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellants
AUSTIN BARNES                         STEVEN E. HILLMAN
1213 Prospect Avenue                  8581 Crail Court
Suite 300                             Dublin, OH 43017
Cleveland, OH 44115

*Gwin, P.J.*

{¶1} Appellants appeal the May 10, 2020 judgment entry of the Delaware County Court of Common Pleas granting appellee's motion to vacate and dismissing appellee's complaint without prejudice.

*Facts & Procedural History*

{¶2} Appellee Tax Ease, LLC is the certificate holder, as defined in R.C. 5721.30(C), of Tax Certificate No. 17-114. Appellee purchased Tax Certificate No. 17-114 from the Delaware County Treasurer in November of 2017. The parcel identified in the certificate at issue is 8581 Crail Court in Dublin, Ohio. Appellants Gail and Steven Hillman are the owners of the property located at 8581 Crail Court.

{¶3} Appellee filed a complaint on July 10, 2019 against appellants, seeking foreclosure of appellants' equitable and/or statutory redemption rights, and sale of the subject property to satisfy the tax lien represented by the tax certificate. The complaint stated that a notice of intent to foreclose was filed in May of 2019, and that the Delaware County Treasurer certified the property had not been redeemed.

{¶4} Appellants filed an answer to the complaint on August 5, 2019.

{¶5} On February 5, 2020, appellee filed a motion for summary judgment. Appellants filed a memorandum in opposition on March 10, 2020. The trial court granted appellee's motion and issued a judgment entry and decree of foreclosure on March 10, 2020. The decree stated that Tax Certificate No. 17-114 was valid and unpaid, and granted appellee the right to execute upon the decree by ordering the property to auction sale if not redeemed by appellants. The decree did not grant a personal judgment against appellants, but granted an in-rem judgment against the property.

{¶6}   On April 24, 2020, appellee filed a motion to vacate judgment and dismiss the case, seeking to vacate the judgment rendered on March 10, 2020 and dismiss its complaint.   Appellee stated, "the tax certificate underlying the complaint has been redeemed and paid-in-full.  Therefore, it is no longer equitable for the Judgment Entry and Foreclosure Decree to have prospective application and it should be vacated pursuant to Civ.R. 60(B)(4)."  Appellee cited the language of Civil Rule 60(B)(4), which provides that a "court may relieve a party * * * from a final judgment if* * * the judgment has been satisfied, released, or discharged * * * or it is no longer equitable that the judgment should have prospective application."

{¶7}   Appellants did not file a response to the motion to vacate judgment.  On May 11, 2020, the trial court issued an order vacating the judgment and dismissing the case, without prejudice, at appellee's cost.   The trial court noted the reason for the granting of the motion was that the tax certificate underlying the complaint had been redeemed and paid-in-full.

{¶8}   A satisfaction of tax certificate, dated April 29, 2020, was filed with the Delaware County Recorder.  The satisfaction was signed by a representative of appellee and provides as follows, "[t]his is to certify that the claim set forth in Tax Certificate No. 17-114 against the property – owner Gail Hillman – has been satisfied in full, and the undersigned is an authorized agent of the purchaser and hereby releases their claim provided for by law as to the referenced tax certificate, and consents that the tax certificate be discharged of record."

{¶9}  Appellants appeal the May 11, 2020 judgment entry of the Delaware County Court of Common Pleas.  Appellee filed a motion to dismiss appellants' appeal on July 24, 2020.  The motion was taken under advisement by this Court.

{¶10}  Appellants assign the following as error:

{¶11}  "I. ATTORNEYS DO NOT HAVE THE AUTHORITY TO FILE A MOTION AFFECTING PARTIES THAT THEY DO NOT REPRESENT.

{¶12}  "II. THE COURT SHOULD NOT GRANT A NEW JUDGMENT GRANTING THE SAME DISMISSAL HAVING THE SAME AFFECT ON THE MOVANT.

{¶13}  "III. THE APPELLEE PRESENTED NO EVIDENCE AS TO ANY DEFENSE THAT MIGHT EXIST FOR EITHER ITSELF OR ANY OTHERS.

{¶14}  "IV. THE APPELLEE FAILED TO MEET THE REQUIREMENTS OF CIV.R. 60(B) AND GTE AUTOMATIC ELECTRIC INC. V. ARC INDUSTRIES, INC. (1976), 47 OHIO ST.2D 146.

{¶15}  "V. THE APPELLEE HAD NO STANDING TO SET ASIDE THE FINDINGS OF THE COURT AS TO ANY OTHER DEFENDANTS WHO WERE NOT MOVANTS."

*Civil Rule 60(B)*

{¶16}  To prevail on a motion brought under Civil Rule 60(B), a movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time.  *GTE Automatic Electric, Inc. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).  A failure to establish any one of these three requirements will cause the motion to be overruled.  *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 474 N.E.2d 328 (1984).

{¶17} A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this Court absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

I.

{¶18} In their first assignment of error, appellants argue appellee's attorneys did not have the authority to file a motion affecting parties they did not represent. Upon review of the record, we find the filing of the motion to vacate by attorneys for Tax Ease LLC did not cause the attorneys to represent any other party. Appellee's motion to vacate and the subsequent dismissal did not affect or disturb any other party's claims, as appellee's motion to vacate asked to vacate only their claims. The counts dismissed by the trial court in the May 11, 2020 judgment entry were the claims made by appellee in its complaint. Appellants' first assignment of error is overruled.

II.

{¶19} In their second assignment of error, appellants contend the trial court should not have granted a new judgment granting the same dismissal having the same effect on the movant. Upon review of the record, we are unable to locate any dismissal other than the May 11, 2020 dismissal. Further, though appellants express concern about a future re-filing of the July 10, 2019 complaint, appellee cannot re-file their complaint as to the taxes specifically delineated in Tax Certificate No. 17-114, because these amounts have been paid in full and the tax certificate redeemed. This is evidenced by the satisfaction of tax certificate signed by a representative of appellee and filed with the Delaware County

Recorder stating appellee released its claim and consented to the discharge of Tax Certificate 17-114.

{¶20} Appellants argue when appellee filed its motion to vacate, it had been paid in full and vacating the judgment was unnecessary. Appellants ask this Court to reinstate the March 10, 2020 judgment against them. Appellee states the judgment granted was an in-rem decree of foreclosure with no personal findings against appellants. Appellee contends that in order for the property to have marketable title, the foreclosure decree and order of sale had to be vacated and dismissed, as a satisfaction of judgment would not have removed the ability of appellee to execute upon the March 10, 2020 decree of sale.

{¶21} A tax foreclosure action is an action in rem and not in personam. *Hunter v. Grier*, 173 Ohio St. 158, 180 N.E.2d 603 (1962); *Lorain Cty. Treasurer v. Schultz*, 9th Dist. Lorain No. 08CA009487, 2009-Ohio-1828. Thus, it operates on the land itself and not on the title of the one in whose name the property is listed for taxation. *Leonard v. Pilkington*, 10th Dist. Franklin No. 14AP-650, 2015-Ohio-1432.

{¶22} We find the trial court did not abuse its discretion in determining appellee's procedural method (vacating the decree of foreclosure and order of sale and dismissing the case without prejudice) to be a valid way in which to indicate the tax certificate had been redeemed by appellants and assure the property had marketable title. Because appellants did not respond to the motion to vacate, the trial court did not have another argument or suggested method to properly indicate the redemption of the tax certificate and assure the property had marketable title.

{¶23} Appellants' second assignment of error is overruled.

III. & IV.

{¶24}   In both their third and fourth assignments of error, appellants argue appellee failed to meet the requirements to vacate a judgment because appellee did not show a meritorious claim or defense.   We disagree.

{¶25}   Appellee filed their motion to vacate pursuant to Civil Rule 60(B)(4).   This section provides that a judgment may be vacated when "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."   *Id.*   Civil Rule 60(B)(4) "offers relief from judgments which have been satisfied or which have become inequitable."   *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 610 N.E.2d 455 (9th Dist. 1991).   Relief pursuant to Civil Rule 60(B)(4) must be "warranted by events occurring subsequent to the entry of the judgment in question."   *Id.*

{¶26}   In this case, appellee argued vacating the judgment pursuant to Civil Rule 60(B)(4) was appropriate based upon events occurring after the judgment, specifically the redemption of the tax certificate underlying the judgment.   Appellee contends the post-judgment redemption by appellants rendered the judgment satisfied and it was no longer equitable for the judgment to have prospective application.

{¶27}   We first note that appellants did not oppose appellee's motion to vacate, or present any evidence to contradict appellee's claim that the tax certificate underlying the judgment had been redeemed.

{¶28}   Further, appellee did allege a meritorious defense, as appellee stated the tax certificate had been redeemed.   See *Woodson v. Woodson*, 6th Dist. Lucas No. CIV A L-87-143, 1988 WL 36159.

**{¶29}** We find the trial court did not abuse its discretion in granting the motion to vacate pursuant to Civil Rule 60(B)(4).

V.

**{¶30}** In their fifth assignment of error, appellants contend appellee had no standing to bring the motion to vacate on behalf of other parties or itself since all issues concerning appellee were resolved.

**{¶31}** Standing is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 875 N.E.2d 550 (2007). Standing focuses on injury, causation, and redressability between a plaintiff and defendant in a case. *Wells Fargo Bank, N.A. v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690. A lack of standing argument challenges the capacity of a party to bring an action. *Id.*

**{¶32}** In this case, appellee had the capacity to bring the action because it purchased Tax Certificate No. 17-114 from the Delaware County Treasurer and thus is the certificate holder, as defined in R.C. 5721.30(C). The March 2020 judgment and decree of foreclosure dealt with claims made by appellee, and the findings in the judgment entry by the trial court were on claims made only by appellee. Appellee had standing to file a motion to vacate a judgment made on its own claims.

**{¶33}** Appellants' fifth assignment of error is overruled.

**{¶34}** Based on the foregoing, appellants' assignments of error are overruled.

{¶35}   The May 11, 2020 judgment entry of the Delaware County Court of Common Pleas is affirmed.  Appellee's July 24, 2020 motion to dismiss is therefore moot.


By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur