Cunningham, Presiding Judge.
 

 {¶ 1} In 2009, plaintiff-appellee, the city of Cincinnati, sought declaratory and injunctive relief to prevent defendant-appellant, the city of Harrison, Ohio, from providing water service to customers in disputed areas of western Hamilton County, Ohio.
 
 See generally
 

 Cincinnati v. Harrison
 
 , 1st Dist. Hamilton No. C-130195,
 
 2014-Ohio-2844
 
 ,
 
 2014 WL 2957946
 
 , ¶ 3 et seq. Following a remand from this court, Harrison appeals from the trial court's June 8, 2016 entry of "final judgment." But because the trial court's entry of "final judgment" was contrary to the law of the case and was not a final order, we must dismiss the appeal.
 

 {¶ 2} In March 2013, the trial court issued a detailed, five-page decision resolving the parties' cross-motions for summary judgment on Cincinnati's claims for relief. Harrison appealed asserting, inter alia, that as a political subdivision it was immune from awards of money damages.
 
 See
 

 id
 
 . at ¶ 17.
 

 {¶ 3} In June 2014, we affirmed the trial court's judgment in part, reversed it in part on Harrison's sovereign-immunity defense, and concluded that certain aspects of the trial court's summary-judgment entry "not touching on immunity, including the measure of restitution and fees, the
 proper timing and scope of the injunctive relief, and the award of other relief sought under count one of the amended complaint, were not yet final orders and thus were not yet appealable."
 
 Id.
 
 at ¶ 45.
 

 {¶ 4} We held that the trial court's orders not touching on immunity were " 'tentative, informal, or incomplete' and [were] subject to change or reconsideration upon the trial court's own motion."
 
 Id.
 
 at ¶ 48, quoting
 
 Cohen v. Beneficial Indus. Loan Corp
 
 .,
 
 337 U.S. 541
 
 , 546,
 
 69 S.Ct. 1221
 
 ,
 
 93 L.Ed. 1528
 
 (1949). Because the trial court's orders not touching immunity contemplated further action, they were not final. We concluded that "[o]nly after the trial court has resolved these matters and has entered a final judgment [would] they be ready for appellate review."
 

 Id.
 

 {¶ 5} When the matter returned to the common pleas court, the case was reassigned to a different judge of that court. The new trial judge placed two substantive entries on the court's journal. The first was a scheduling order setting the case for a bench trial. The second was a two-paragraph document captioned "Final Judgment Entry," the document from which Harrison has sought this appeal.
 

 {¶ 6} In the June 8, 2016 entry, the trial court acknowledged that in our June 2014 decision, this court had "ruled" that the trial court's orders "not touching immunity" remained " 'tentative, informal, or incomplete' and * * * subject to change or reconsideration upon the trial court's own motion." Nonetheless the trial court "decline[d] to change or reconsider those elements of the [trial court's March 2013 judgment entry], 'not touching immunity.' " The court then purported to enter "final judgment." We note that the trial court's entry failed to implement any changes to its prior ruling on issues such as money damages and fees, that were in conflict with this court's June 2014 decision. Harrison appealed.
 

 {¶ 7} Because an appellate court's jurisdiction is limited to review of final judgments or orders, it must determine its own jurisdiction to proceed before reaching the merits of any appeal.
 
 See
 
 Ohio Constitution, Article IV, Section 3 (B)(2);
 
 see also
 
 R.C. 2505.03(A) ;
 
 State ex rel. White v. Cuyahoga Metro. Hous. Auth
 
 .,
 
 79 Ohio St.3d 543
 
 , 544,
 
 684 N.E.2d 72
 
 (1997). And when the record certified for our review does not contain a final appealable order, we must dismiss the appeal for lack of subject-matter jurisdiction.
 
 See
 

 General Acc. Ins. Co. v. Ins. Co. of N. Am.
 
 ,
 
 44 Ohio St.3d 17
 
 , 20,
 
 540 N.E.2d 266
 
 (1989).
 

 {¶ 8} The question of whether we have subject-matter jurisdiction to proceed is resolved under the doctrine of the law of the case, which holds that a reviewing court's decision in a case remains the law of that case on the legal questions involved for all subsequent proceedings in that case. An inferior court has "no discretion to disregard the mandate of a superior court in a prior appeal in the same case."
 
 Nolan v. Nolan
 
 ,
 
 11 Ohio St.3d 1
 
 ,
 
 462 N.E.2d 410
 
 (1984), syllabus. Application of the doctrine "ensure[s] consistency of results in a case, * * * avoid[s] endless litigation by settling the issues, and * * * preserve[s] the structure of superior and inferior courts as designed by the Ohio Constitution."
 
 Id.
 
 at 3,
 
 462 N.E.2d 410
 
 , citing
 
 State ex rel. Potain v. Mathews
 
 ,
 
 59 Ohio St.2d 29
 
 , 32,
 
 391 N.E.2d 343
 
 (1979).
 

 {¶ 9} Here, neither party sought review of our June 2014 decision by means of an appeal to the Ohio Supreme Court. Neither party added evidentiary material to the record after remand to the trial court. The record certified for our review in this appeal is factually and legally identical to that which we confronted in our June 2014 decision.
 

 {¶ 10} Thus the trial court's June 8 entry of "final judgment" was contrary to
 the law of the case and to this court's prior decision that those orders not touching immunity were not final, and that further action by the court was required before they could be considered final.
 
 See
 

 Nolan
 
 at 3,
 
 462 N.E.2d 410
 
 ;
 
 see also
 

 Cincinnati v. Harrison
 
 , 1st Dist. Hamilton No. C-130195,
 
 2014-Ohio-2844
 
 ,
 
 2014 WL 2957946
 
 , at ¶ 48.
 

 {¶ 11} With no final order in the record certified for our review under App.R. 9, we must dismiss the appeal.
 
 See
 

 General Acc. Ins. Co.
 
 ,
 
 44 Ohio St.3d at 20
 
 ,
 
 540 N.E.2d 266
 
 .
 

 Appeal dismissed.
 

 Myers, J., concurs.
 

 Miller, J., dissents.