[Cite as *Teeters v. Jeffries*, 2021-Ohio-2985.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| BETTY TEETERS, | : | |
| Appellee, | : | CASE NO. CA2021-02-007 |
| | : | O P I N I O N |
| - vs - | | 8/30/2021 |
| | : | |
| RANDY JEFFRIES DBA CLEAR MOUNTAIN BUILDING, INC., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2020CVI02269

Thomson Law, Co., and Charles F. Rogers, for appellee.

The Law Office of John D. Hill, LLC, and John D. Hill, Jr., for appellant.

**PIPER, P.J.**

{¶1}   Appellant, Randy Jefferies, appeals the decision of the Clermont County

Municipal Court denying his motion for relief from judgment.[1]

{¶2}   In April 2020 appellee, Betty Teeters, contracted with Clear Mountain Building

Solutions, LLC to repair damage to Teeters' home.  Jeffries owned and operated the

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

business.  Over the months that followed, Teeters became unhappy with the work done by Jeffries, which she claimed was minimal, and was forced to hire additional contractors to complete the work.

{¶3}  On July 27, 2020, Teeters filed a small claims complaint with the trial court alleging "theft to the elderly by means of insurance storm damage proceeds."  Teeters requested judgment in the amount of $4,832.54.

{¶4}  On the complaint Teeters indicated notice and the summons should be sent to Randy Jeffries DBA Clear Mountain Building, Inc. at 4208 Anderson State Road in Fayetteville, Ohio.  Service was completed on July 30, 2020 via certified mail, and the signed return receipt was filed with the trial court on August 4, 2020.  While the name of the recipient is illegible, the return receipt indicates the recipient's address was "4208 Anderson St."  Jeffries did not file any answer or otherwise respond to the complaint.

{¶5}  On August 25, 2020, the trial court held a hearing before a magistrate.  Jeffries did not attend the hearing, while Teeters appeared pro se.  After considering the testimony and exhibits offered at the hearing by Teeters, the magistrate entered default judgment in her favor in the amount of $4,832.54 plus interest of five percent per year.

{¶6}  Approximately one week later, Jeffries filed a handwritten letter with trial court, wherein he stated the following:

> My name is Randall Jeffries, owner of Clear Mountain Building Solution's, (sic) LLC.  In the case of Betty Teeters, I have only recently learned of the ruling.  I would like the opportunity to be heard. I have put in a substantial amount of time and provided a great service for these clients I have everything recorded and feel it would make a larg (sic) difference in the ruling I will also be filing a counter claim which my lawyer Rob Harking is putting together.

The trial court construed Jeffries' letter as objections to the magistrate's findings of fact. The same day Jeffries filed his objections, the trial court issued an entry advising Jeffries of

his duty to provide a copy of all relevant portions of the transcript from the magistrate's hearing within 30 days. If Jeffries failed to file the transcript, the trial court indicated it would adopt the magistrate's report without further consultation.

{¶7} Jeffries never filed the necessary transcripts, nor did he respond to the trial court's order. Instead, approximately one month later, Jeffries, then represented by counsel, moved the trial court for relief from the default judgment. In his motion, Jeffries claimed he was entitled to relief from the judgment pursuant to Civ.R. 60(B)(1) and (5) because Teeters named Clear Mountain Building, Inc. ("the Corporation"), as opposed to Clear Mountain Building Solutions, LLC, as the defendant in the case, and the Corporation did not exist at the time Teeters filed her complaint. Jeffries also alleged that service was improper because Teeters did not serve the Corporation's statutory agent.

{¶8} The magistrate held a hearing regarding Jeffries' motion. At the hearing Jeffries explained that his business started as Clear Mountain Building Solutions, LLC in 2019, but he later created the Corporation with the intention "to start fresh at a better tax bracket in 2021." Jeffries filed the paperwork for the Corporation in June or July of 2020, and received approval from the Ohio Secretary of State in August 2020. Although Jeffries began the Corporation at his home address at 4208 Anderson State Road in Fayetteville, the business address for the Corporation, as well as its statutory agent, was in Cincinnati.

{¶9} A copy of the Corporation's certificate from the Ohio Secretary of State was admitted into evidence. That certificate indicated the Corporation was effective on August 17, 2020 and included a receipt for the filing that was sent to Jeffries at 4208 Anderson State Road. A copy of the Corporation's initial articles of incorporation was also admitted at the hearing, which stated the Corporation's principal office was located in Fayetteville, Ohio and its effective date was April 15, 2020. Jeffries signed and submitted the articles of incorporation as the Corporation's incorporator. At the hearing, Jeffries denied the April 15,

2020 effective date was correct, but admitted he had an opportunity to review the documentation before submitting it to the Secretary of State.

{¶10} Jeffries further testified that the statutory agent for the Corporation was not served, and that he personally did not receive a copy of the complaint or have notice of the complaint. Instead, Jeffries claimed he discovered the pending judgment when he was "checking back and forth with [his] lawyer on things and it came up that [he] had a judgment against [him] for Ms. Teeters and [he] was unaware." At that point, Jeffries spoke with his attorney and filed his letter with the trial court.

{¶11} After the hearing, the magistrate issued a decision denying Jeffries' motion for relief from the default judgment. Jeffries did not object to the magistrate's decision and the trial court adopted the decision in full.

{¶12} Jeffries now appeals, raising the following assignment of error for our review:

{¶13} THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING RANDY'S MOTION FOR RELIEF FROM JUDGMENT.

{¶14} Jeffries argues the trial court erred in denying his motion for relief from the default judgment. Jeffries claims he is entitled to relief from the default judgment because the record "unequivocally establishes that service of the complaint was attempted at an address where [he] was not expecting to receive service" and that it was unrebutted that "he was *not* conducting business in Fayetteville at the time [Teeters] filed her complaint." Thus, because of the improper service, Jeffries argues he was unable to defend against Teeters' claims and the judgment must be set aside.

{¶15} To render a valid judgment, a court must have jurisdiction over the defendant in the action. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). A court may acquire personal jurisdiction over the defendant "either by service of process upon the defendant,

the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Id.* Thus, a trial court lacks jurisdiction to enter a default judgment against a defendant if a plaintiff fails to perfect service on the defendant and the defendant has not appeared in the action or waived service. *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 12th Dist. Butler No. CA2013-05-079, 2013-Ohio-4866, ¶ 10. A judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, not merely voidable. *Peoples Banking Co. v. Brumfield Hay & Grain Co.*, 172 Ohio St. 545 (1961), paragraph two of the syllabus.

{¶16} "The power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state." *Alsip* at ¶ 10, citing *Bendure v. Xpert Auto., Inc.*, 10th Dist. Franklin No. 11AP-144, 2011-Ohio-6058, ¶ 18. An appellate court reviews the denial of a common law motion to vacate under an abuse of discretion standard. *Id.* An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} Although a court must have jurisdiction over the defendant in the action, "a party who voluntarily submits to the court's jurisdiction may waive available defenses, such as insufficiency of service of process or lack of personal jurisdiction." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 13. This includes a party who appears in the action to attack a default judgment on the basis of insufficient service or lack of personal jurisdiction but fails to seasonably raise those defenses. *State ex rel. Athens Cty. Dept. of Job & Family Servs. v. Martin*, 4th Dist. Athens No. 07CA11, 2008-Ohio-1849, ¶ 18.

{¶18} After a review of the record, we find the trial court did not abuse its discretion

in denying Jeffries' motion for relief from the default judgment, as Jeffries waived any defects in service. As discussed above, Jeffries claims he is entitled to have the default judgment vacated because the Corporation was not properly served with the complaint. However, and as noted by the trial court, Jeffries did not raise the defense of insufficient service of process in his objections to the magistrate's decision. Instead, Jeffries merely indicated he recently learned of the "ruling," i.e., the default judgment, and that he sought to defend the case on the merits and pursue a counterclaim against Teeters. As noted by other Ohio courts, "a defendant must raise a challenge to the trial court's personal jurisdiction over him at the earliest opportunity; otherwise, he risks a finding that he waived any defects in service, allowing a court to enter a valid personal judgment against him." *Id.* at ¶ 17, citing *Gliozzo*, 2007-Ohio-3762, ¶ 11-13. See also *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St. 3d 220, 2011-Ohio-5452, ¶ 16, citing *Merchants Bank & Trust Co. v. Five Star Fin. Corp.*, 195 Ohio App. 3d 42, 2011-Ohio-2476, ¶ 19, fn. 15 (1st Dist.), quoting *McBride v. Coble Express*, 92 Ohio App.3d 505, 510 (3rd Dist.1993) ("'Any objection to the assumption of personal jurisdiction is waived by a party's failure to assert a challenge at its first appearance in the case, and such defendant is considered to have consented to the court's jurisdiction'"); *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 17 ("[i]f the defendant makes an appearance in the action, either in person or through his or her attorney, without raising the defense of lack of personal jurisdiction, then the defendant is considered to have waived that defense").

{¶19} In addition to failing to contest the sufficiency of service at his earliest opportunity, the record also reflects Jeffries abandoned his objections to the default judgment, despite having an opportunity to pursue them. Rather than pursuing his objections prior to the trial court's adoption of the magistrate's decision, Jeffries elected to

wait an additional thirty days for his counsel to file a motion for relief from the default judgment. Thus, in light of Jeffries' failure to pursue or raise any allegation of defective service in his objections, we find Jeffries has waived any and all arguments regarding defects in service of process of the complaint. That is, by failing to timely assert the defense of lack of personal jurisdiction or defective service, Jeffries submitted to the trial court's jurisdiction over his person and waived any defects in service, and the trial court did not err in declining to vacate the default judgment on that basis. See *Stiles v. Hayes*, 12th Dist. Madison No. CA2015-01-007, 2015-Ohio-4141, ¶ 17.

{¶20} Accordingly, finding no merit to Jeffries' arguments, we overrule his assignment of error.

{¶21} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.