[Cite as *Pioneer Automotive, L.L.C. v. Village Gate, L.L.C.*, 2022-Ohio-1247.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PIONEER AUTOMOTIVE, LLC, | : | APPEAL NO. C-210205 |
| | | TRIAL NO. A-2002427 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| VILLAGE GATE, LLC, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 15, 2022

*The Janszen Law Firm* and *August T. Janszen* for Plaintiff-Appellee Pioneer Automotive, LLC,

*Paul Croushore* for Defendant-Appellant Village Gate, LLC.

**CROUSE, Judge.**

{¶1}   In three assignments of error, defendant-appellant Village Gate, LLC, ("Village Gate") appeals the judgment of the Hamilton County Court of Common Pleas denying its motion to set aside a default judgment.  For the reasons that follow, we affirm the trial court's judgment.

### *Facts and Procedure*

{¶2}   On July 6, 2020, Pioneer Automotive, LLC, ("Pioneer") filed a complaint for a restraining order, preliminary injunction, and damages against Steve Rasabi and Village Gate.[1]  According to the complaint, Rasabi was the property manager, agent, and sole member of Village Gate.  Pioneer operated an automotive repair business on commercial property that it leased from Village Gate.

{¶3}   The complaint included claims for breach of fiduciary duty, fraud/misrepresentation, breach of contract, theft/conversion, violations of the Ohio Deceptive Trade Practices Act, replevin, tortious interference with business and contractual relations, promissory estoppel, unjust enrichment, respondeat superior liability, and injunctive relief.  In addition to the temporary restraining order and preliminary injunction, Pioneer demanded $425,000 in compensatory damages, $1,275,000 in treble damages, and all costs and fees.

{¶4}   Village Gate did not respond to the complaint.  On August 21, 2020, still without an appearance on the record from Village Gate, Pioneer filed a motion for a default judgment.  Village Gate did not appear at the hearing on the motion.  On September 30, 2020, the magistrate recommended granting a default judgment in the amount of $370,767.  The magistrate found that, after agreeing to act as "broker-agent

---

[1] On November 2, 2020, Pioneer voluntarily dismissed Rasabi from the case.

for Pioneer" to sell Pioneer's business, Village Gate "breached the agreement and its fiduciary duties to [Pioneer] by misrepresenting the existence of prospective buyers to [Pioneer] for several months, before using a fraudulent scheme to lock [Pioneer] out of the business premises and seize its assets."

{¶5} On October 23, 2020, after the objection period expired with no objections having been filed, the trial court adopted the magistrate's recommendation and entered a default judgment in favor of Pioneer in the amount of $370,767.

{¶6} On November 6, 2020, Village Gate made its first appearance in the case and filed a motion to set aside the default judgment pursuant to Civ.R. 60(B). In its motion, Village Gate argued that it is "highly prejudicial" to order a default judgment in this case because it had been granted an extension of time to answer a counterclaim filed by "Matt Vollmar dba Pioneer Automotive" in a separate, but related eviction case, and that the $370,767 judgment is "outrageous." The trial court denied the Civ.R. 60(B) motion and Village Gate filed this timely appeal.

{¶7} In three assignments of error, Village Gate contends that the trial court erred when it denied its Civ.R. 60(B) motion because Village Gate (1) was not properly served with the complaint, and (2) was not party to any contract with Pioneer, and (3) because "Pioneer had previously agreed to an extension of time for Village Gate, LLC to respond to the same allegations in another case."

### First Assignment of Error

{¶8} In its first assignment of error, Village Gate contends, for the first time, that the trial court lacked personal jurisdiction over it because service of process was not proper.

3

{**¶9**}   The terms of Civ.R. 12(H)(1) are clear: "the defense of insufficiency of service of process is waived if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion or, if there is no such motion, if it is not raised by separate motion or included in the responsive pleading." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 9 (explaining Civ.R. 12(H)(1)). " '[A] defendant must raise a challenge to the trial court's personal jurisdiction over him at the earliest opportunity; otherwise, he risks a finding that he waived any defects in service, allowing a court to enter a valid personal judgment against him.' " *Teeters v. Jeffries,* 12th Dist. Clermont No. CA 2021-02-007, 2021-Ohio-2985, ¶ 18 (collecting cases), quoting *State ex rel. Athens Cty. Dept. of Job & Family Servs. v. Martin,* 4th Dist. Athens No. 07CA11, 2008-Ohio-1849, ¶ 17, citing *Gliozzo* at ¶ 11-13. In *Teeters*, the court held that the defendant-appellant waived the insufficiency-of-service-of-process defense because he did not raise it in his objections to the magistrate's decision—his first filing.  *Teeters* at ¶ 18.

{**¶10**}  Accordingly, because Village Gate did not raise the insufficiency-of-service-of-process defense in the Civ.R. 60(B) motion—its first filing in the case—we hold that Village Gate waived any defects in service.  Therefore, the first assignment of error is overruled.

### *Second Assignment of Error*

{**¶11**}  In its second assignment of error, Village Gate contends that the trial court abused its discretion in denying the Civ.R. 60(B) motion "where Village Gate, LLC was not a party to a contract with Pioneer Automotive, LLC."

{**¶12**}  Village Gate supports this assignment of error with one paragraph that asserts general statements regarding party names and whether there was a contract

4

between those parties.  Village Gate states that "Pioneer has alleged that it was a party to a lease with Village Gate, LLC which was false," and that "[t]he lawsuit [ ] falsely asserts an identity between Steve Rasabi, a former defendant here, and Village Gate, LLC[.]"

{¶13} However, this argument was not raised in support of Village Gate's Civ.R. 60(B) motion and cannot be raised for the first time on appeal.  *See, e.g., O'Brien v. Great Parks of Hamilton Cty.,* 1st Dist. Hamilton No. C-190697, 2020-Ohio-6949, ¶ 29 ("[i]t is well settled that a party cannot raise issues for the first time on appeal").

{¶14} Accordingly, Village Gate's second assignment of error is overruled.

### Third Assignment of Error

{¶15} In its third assignment of error, Village Gate contends that the trial court abused its discretion in denying the Civ.R. 60(B) motion because "Pioneer had previously agreed to an extension of time for Village Gate, LLC to respond to the same allegations in another case."

{¶16} While the parties agree that an extension of time was agreed upon for Village Gate to meet the deadlines in a separate, but related, eviction case, the parties do not agree, and the record does not reflect, that the parties reached any such agreement in this case.  The third assignment of error is overruled.

### Conclusion

{¶17} In light of the foregoing analysis, Village Gate's first, second, and third assignments of error are overruled.  Accordingly, the trial court's judgment denying Village Gate's Civ.R. 60(B) motion is affirmed.

Judgment affirmed.

5

**MYERS, P. J.,** and **ZAYAS, J.,** concur.

Please note:

> The court has recorded its entry on the date of the release of this opinion.