[Cite as *Pioneer Automotive, L.L.C. v. Village Gate, L.L.C.*, 2023-Ohio-4501.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PIONEER AUTOMOTIVE, LLC, | : | APPEAL NO. C-220630 |
| | | TRIAL NO. A-2002427 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| VILLAGE GATE, LLC, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 13, 2023

*The Janszen Law Firm* and *August T. Janszen*, for Plaintiff-Appellee,

*Paul Croushore*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1} Defendant-appellant Village Gate, LLC, ("Village Gate") returns to the court of appeals for its second appeal in this matter. In this appeal, Village Gate argues that the trial court erred in denying its motion to vacate the default judgment entered against it prior to its first appeal. For the following reasons, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2} Plaintiff-appellee Pioneer Automotive, LLC, ("Pioneer") is an automotive repair shop which, at least until mid-2020, leased its premises from Village Gate. In April 2020, Pioneer notified Village Gate that it intended to terminate its lease. At that time, Pioneer allegedly entered into an agreement with Village Gate whereby Village Gate would represent Pioneer in marketing the business for sale. The relationship deteriorated, and eventually Village Gate allegedly changed the locks on Pioneer's premises, with substantial business property locked inside.

{¶3} In July 2020, Pioneer filed a complaint for a restraining order, preliminary injunction, and damages against Village Gate and its sole member, Steve Rasabi.[1] In its complaint, Pioneer included claims for breach of fiduciary duty, fraud/misrepresentation, breach of contract, theft/conversion, violations of the Ohio Deceptive Trade Practices Act, replevin, tortious interference with business and contractual relations, promissory estoppel, unjust enrichment, respondeat-superior liability, and injunctive relief. Village Gate failed to appear in the action, and Pioneer was granted a default judgment in the amount of $370,767.

{¶4} Shortly after the default judgment was entered, Village Gate appeared

---

[1] On November 2, 2020, Pioneer voluntarily dismissed Rasabi as a defendant.

and filed a Civ.R. 60(B) motion to set aside the judgment in November 2020. In its motion, Village Gate argued that the judgment should be set aside under the rule's catch-all provision, Civ.R. 60(B)(5), on the basis that the judgment was "highly prejudicial" because it had been granted an extension of time to file a counterclaim in its related eviction case against Pioneer, then pending in the Hamilton County Municipal Court. The trial court denied the motion. Village Gate appealed.

{¶5} Village Gate argued for the first time on appeal that it had not been properly served with process, and therefore the trial court lacked personal jurisdiction. This court held that Village Gate had waived any defects in service because it failed to raise the defense in its first filing in the case, the Civ.R. 60(B) motion. *Pioneer Automotive, LLC v. Village Gate, LLC*, 1st Dist. Hamilton No. C-210205, 2022-Ohio-1247, ¶ 10. Village Gate raised two other assignments of error in that case, which we also overruled.

{¶6} Following the appeal, Village Gate filed a motion to vacate a void judgment in the trial court. In this motion, Village Gate argued that the default judgment was void for lack of personal jurisdiction. Village Gate attempted to distinguish its motion to vacate from its prior Civ.R. 60(B) motion by arguing that, without proper service of process, the default judgment entered was void ab initio. Village Gate argued that this court's prior decision regarding service is irrelevant because we never "addressed the jurisdictional issue but only the sufficiency of process."

{¶7} In response, Pioneer filed a motion to strike Village Gate's motion and impose sanctions on Village Gate and its counsel for frivolous and vexatious conduct. The magistrate denied Village Gate's motion to vacate the judgment and Pioneer's

motion to strike and impose sanctions. Village Gate filed objections to the magistrate's decision denying its motion. Pioneer also filed objections to the magistrate's denial of its motion for sanctions. The trial court overruled both parties' objections and adopted the magistrate's decision. The trial court held that Village Gate's motion "is barred by the 'law-of-the-case' doctrine" and "res judicata."

{¶8}   This appeal timely followed.

## II. Analysis

{¶9}   In its first assignment of error, Village Gate argues, "The trial court erred in denying the motion to vacate the void judgment without a hearing where Village Gate, LLC presented evidence that the complaint was never served upon it." In its second assignment of error, Village Gate argues, "The trial court erred in holding that by filing a Civ.R. 60(B) motion Village Gate's counsel had waived any claim to the court's lack of [jurisdiction]." Because both assignments of error, in effect, argue that the default judgment entered against Village Gate was void for lack of personal jurisdiction, we consider them together.

{¶10}  This court reviews the denial of a motion to vacate for an abuse of discretion. *Custom Pro Logistics, LLC v. Penn Logistics LLC*, 1st Dist. Hamilton No. C-210422, 2022-Ohio-1774, ¶ 7, citing *Johnson v. Hisle*, 1st Dist. Hamilton No. C-170717, 2018-Ohio-3693, ¶ 9. "An abuse of discretion signifies that a decision was unreasonable, arbitrary, or unconscionable." *Id.*

{¶11}  As this court held in Village Gate's prior appeal, Village Gate did not raise the defense of insufficiency of service of process in its Civ.R. 60(B) motion or at any other time prior to the first appeal. *Pioneer Automotive*, 1st Dist. Hamilton No. C-210205, 2022-Ohio-1247, at ¶ 10. We have already determined that "Village Gate

waived any defects in service." *Id.* The consequence of waiving any defects in service is that the trial court obtained personal jurisdiction over Village Gate.

{¶12} "[A] reviewing court's decision in a case remains the law of that case on the legal questions involved for all subsequent proceedings in that case." *Cincinnati v. Harrison*, 2017-Ohio-7580, 97 N.E.3d 743, ¶ 8 (1st Dist.). Under the law-of-the-case doctrine, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus.

{¶13} The doctrine of res judicata holds that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Klaus v. Klosterman*, 10th Dist. Franklin No. 16AP-273, 2016-Ohio-8349, ¶ 16, quoting *Natl. Amusements v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990), quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986). The doctrine applies to subsequent actions as well as claims raised in a prior appeal in the same case. *See State ex rel. Rimroth v. Harrison*, 1st Dist. Hamilton No. C-210236, 2022-Ohio-110, ¶ 18 (holding that res judicata barred the appellant from relitigating issues decided in a prior appeal in the same case); *Cincinnati v. Bench Billboard Co.*, 1st Dist. Hamilton Nos. C-170668 and C-170690, 2019-Ohio-362, ¶ 11 (same).

{¶14} We have already held that the trial court had personal jurisdiction to enforce its judgment over Village Gate because Village Gate waived the issue of personal jurisdiction. Therefore, the trial court correctly determined that Village Gate's motion to vacate is barred by the law-of-the-case doctrine and res judicata.

### III. Conclusion

**{¶15}** Village Gate's assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS** and **BOCK, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.