# IN THE COURT OF APPEALS
[Cite as *Hamilton Cty. Treasurer v. Guinn*, 2023-Ohio-4812.]
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TREASURER, HAMILTON COUNTY, OHIO, | : | APPEAL NO. C-230078 |
| | | TRIAL NO. A-2200228 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| JOSEPH GUINN, | | |
| | : | |
| Defendant-Appellant, | | |
| | : | |
| and | | |
| | : | |
| JANE DOE, unknown spouse of Joseph Guinn, | : | |
| | | |
| Defendant. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: December 29, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *James S. Sayre*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Joseph Guinn*, pro se.

**WINKLER, Judge.**

{¶1} Defendant-appellant Joseph R. Guinn appeals the decision of the Hamilton County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee Treasurer, Hamilton County, Ohio, ("the Treasurer") on her complaint for foreclosure on Guinn's property due to unpaid taxes and ordering the sale of the property. We find no merit in Guinn's assignment of error, and we affirm the trial court's judgment.

{¶2} The record shows that on January 21, 2023, the Treasurer filed a complaint naming as defendants Guinn and Jane Doe, Guinn's unknown spouse, who was served by publication and never entered an appearance. The complaint alleged that the defendants had failed to pay real estate taxes on a parcel of property owned by Guinn on 2596 Cornwall Drive, Cincinnati, Ohio. It asked the court to find that the Treasurer had a valid first lien on the property in the sum of $15,733.59, plus accrued taxes, penalties, interest and costs. It further asked the court to order a foreclosure and sale of the property.

{¶3} In response, Guinn filed three motions to dismiss. In the first motion, he argued that the trial court lacked subject-matter jurisdiction. In the second, he argued that the complaint failed to state a claim upon which relief could be granted under Civ.R. 12(B)(6). In the third, he argued that he had not been properly served. A magistrate denied all of these motions. Guinn did not object to the magistrate's decision.

{¶4} He subsequently filed a "Motion to Strike All Proceedings," in which he made sovereign-citizen type arguments. Relying on the Federal Rules of Civil Procedure, he contended that he had never consented to the referral of the case to a magistrate. The trial court denied that motion.

2

{¶5} On October 17, 2022, the Treasurer filed a motion for summary judgment along with the affidavit of Cheryl Gabbard, the Supervisor of the Delinquent Real Estate Department for the Hamilton County Auditor. The affidavit stated that the total amount of delinquent taxes owed was $17,404.74. In response, Guinn filed a motion to dismiss and a motion to strike Gabbard's affidavit, in which he argued that the Treasurer, Gabbard, and others had perpetrated a fraud.

{¶6} Subsequently, a magistrate found that (1) the Treasurer had a valid first and best lien on the premises; (2) taxes and assessments on the premises were delinquent and in default; and (3) the Treasurer was entitled to a judgment in the amount of $17,404.74 and to foreclose on the property. Guinn filed objections to the magistrate's decision. The trial court overruled his objections, adopted the magistrate's decision, and entered judgment against Guinn in the amount of $17,404.74. This appeal followed.

{¶7} In his sole assignment of error, Guinn contends that the trial court erred in failing to grant his motions to dismiss and to strike the complaint. He argues that the trial court failed to follow the law, failed to allow him to present evidence, and violated his rights under Ohio statutes, the United States Constitution, and federal statutes. This assignment of error is not well taken.

### *Motions to Dismiss*

{¶8} As to his motions to dismiss, Guinn failed to object to the magistrate's decisions denying those motions. Civ.R. 53(D)(3)(b)(ii) provides, "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objections." Additionally, Civ.R. 53(D)(3)(b)(iv) provides, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless that party had objected to that finding or

conclusion as required by Civ.R. 53(D)(3)(b)." *Stride Studios, Inc. v. Alsfelder*, 1st Dist. Hamilton No. C-220395, 2023-Ohio-1502, ¶ 26.

{¶9} Because Guinn failed to object to the magistrate's decision, he has forfeited all but a claim of plain error on appeal. *Id.* at ¶ 29; *Neu v. Neu*, 1st Dist. Hamilton No. C-140170, 2015-Ohio-1466, ¶ 22. "In appeals of civil cases, the plain error doctrine is not favored and may be only applied in the extremely rare case involving exceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process * * *." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. Plain error does not exist unless it can be said that but for the error, the outcome of the proceedings would clearly have been otherwise. *In re E.H.*, 2023-Ohio-470, 208 N.E.3d 1059, ¶ 11 (1st Dist.).

{¶10} In his first motion to dismiss, Guinn contended that the trial court lacked subject-matter jurisdiction. We review a challenge to the court's jurisdiction de novo. *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 17; *Harmon v. Cincinnati*, 2023-Ohio-788, 210 N.E.3d 1011, ¶ 15 (1st Dist.). R.C. 2305.01 provides that courts of common pleas have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." The Ohio Supreme Court has held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to "all matters at law and in equity that are not denied to it." *Bank of Am., N.A. v Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-589, 29 N.E. 179 (1891). It has also long held that actions in foreclosures are within the jurisdiction of a court of common pleas. *Id.* Therefore, the trial court properly exercised jurisdiction over the action, and the

trial court did not err in denying Guinn's motion to dismiss for lack of subject-matter jurisdiction.

**{¶11}** In his second motion to dismiss, Guinn argued that the complaint failed to state a claim upon which relief could be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. In ruling on such a motion, the trial court must take all of the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988); *Evans v. Thrasher*, 1st Dist. Hamilton No. C-120783, 2013-Ohio-4776, ¶ 13. It may dismiss a complaint on a Civ.R. 12(B)(6) motion only when the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus; *Evans* at ¶ 13.

**{¶12}** Taking the allegations of the complaint as true, it alleges sufficient facts to state a claim upon which relief could be granted. The complaint alleges that Guinn is the owner of the property and describes the property in detail. It further alleges the property taxes are delinquent and Guinn is in default for failure to pay those taxes and sets forth the amount of the delinquency. Consequently, the allegations in the complaint are sufficient to set forth a cause of action in foreclosure to survive a Civ.R. 12(B)(6) motion to dismiss. Therefore, the trial court did not err in denying Guinn's motion to dismiss on that basis.

**{¶13}** In his third motion to dismiss, Guinn contended that "the defendant is a corporation organized under the laws of Ohio and was not and is not subject to service of process" and that he was never properly served. To the extent that his motion relies on "sovereign citizen" type arguments, it is wholly frivolous. *See Capital One (U.S.A.), N.A. v. McCladdie*, 8th Dist. Cuyahoga No. 111289, 2022-Ohio-4082, ¶

15; *Sullivan v. Monument Homes, Inc.*, 10th Dist. Franklin No. 19AP-814, 2020-Ohio-2846, ¶ 25; *State v. Thomas*, 1st Dist. Hamilton No. C-170400, 2019-Ohio-132, ¶ 6; *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 5-6. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' 'a secured party creditor,' or a 'flesh and blood human being,' that person is not beyond the jurisdiction of the courts." *McCladdie* at ¶ 15, quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011).

{¶14} The complaint was served by certified mail on January 24, 2022. On February 17, 2022, Guinn filed his first motion to dismiss arguing that the trial court lacked subject-matter jurisdiction. On February 18, the certified mail was returned stating, "Return to sender no one lives here by that name." On March 16, 2022, he filed his Civ.R. 12(B)(6) motion to dismiss. On March 22 2022, he filed his motion to dismiss for lack of service.

{¶15} A trial court cannot render a judgment against a defendant over whom it has no personal jurisdiction. *Midland Funding, LLC v. Cherrier*, 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, ¶ 9. A court does not acquire personal jurisdiction over a defendant "unless and until the defendant is properly served with the complaint or the defendant makes an appearance in the case." *Id.* at ¶ 10, citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), syllabus; *Aultman v. Parker*, 1st Dist. Hamilton No. C-170683, 2018-Ohio-4583, ¶ 8. Here, Guinn has made an appearance.

{¶16} Further, Civ.R. 12(G) states that "[a] party who makes a motion under this rule must join with it other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he

shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule."

{¶17} Civ.R. 12(H)(1) provides that

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in (G), or (b) is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Civ.R. 15(A) to be made as a matter of course.

{¶18} Thus, a defendant "must raise a challenge to the trial court's personal jurisdiction over him at the earliest opportunity; otherwise, he risks a finding that he waived any defects in service, allowing a court to enter a valid personal judgment against him." *Pioneer Automotive, LLC v. Village Gate, LLC*, 1st Dist. Hamilton No. C-210205, 2022-Ohio-1247, ¶ 9, quoting *Teeters v. Jeffries*, 12th Dist. Clermont No. CA2021-02-007, 2021-Ohio-2985, ¶ 18. Because Guinn did not raise the issue of lack of service at his earliest opportunity, he has waived any defects in service.

{¶19} Finally, the Treasurer initiated the foreclosure action under R.C. 5721.18, which is an in rem proceeding. Thus, it operates on the land itself and not on the title of one whose name the property is listed for taxation. *Hunter v. Grier*, 173 Ohio St. 158, 161-162, 180 N.E.2d 603 (1962); *Tax Ease Ohio, LLC v. Hillman*, 5th Dist. Delaware No. 20-CAE-06-0024, 2021-Ohio-459, ¶ 21; *Loraine Cty. Treasurer v. Schultz*, 9th Dist. Lorain No. 08CA009487, 2009-Ohio-1828, ¶ 10. Therefore, Guinn's contention that the court lacked personal jurisdiction over him is misplaced, as the jurisdiction extends over the property itself.

**{¶20}** Under the circumstances we cannot hold that the trial court erred in overruling Guinn's motions to dismiss. Certainly, there was no error that rose to the level of plain error.

### *Motions to Strike*

**{¶21}** As to Guinn's motions to strike, Civ.R. 12(F) provides that the court may at any time strike "any pleading an insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." A trial court's decision to grant or deny a motion to strike will not be reversed on appeal absent a showing of an abuse of discretion. *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 10; *Lachman v. Wietmarschen*, 1st Dist. Hamilton No. C-020208, 2002-Ohio-6656, ¶ 9.

**{¶22}** Guinn filed numerous motions to strike various pleadings and motions. The primary motion was a motion to strike all proceedings. The basis for that motion was that he had not consented to the matter being overseen by a magistrate. He cited various federal statutes and the Federal Rules of Civil Procedure, none of which were binding on the trial court.

**{¶23}** Civ.R. 53(D)(1) allows a trial court to refer a case or a category of cases to a magistrate by a specific or general order of reference. *Bar 145 Franchising, LLC v. College Town Kent, LLC*, 11th Dist. Portage No. 2017-P-0102, 2018-Ohio-2459, ¶ 8; *Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798, 908 N.E.2d 495, ¶ 61 (7th Dist.). "Nothing provides that an order of reference must be filed in each case in which a magistrate proceeds." *Ramos* at ¶ 62. Under the circumstances, we cannot hold that the trial court's decisions to overrule Guinn's motions to strike all proceedings or any other of his motions to strike were so arbitrary, unreasonable or unconscionable as to

connote an abuse of discretion. *See State ex rel. Mora* at ¶ 10; *Cincinnati v. Harrison*, 1st Dist. Hamilton No. C-090702, 2010-Ohio-3430, ¶ 7.

### *Motion for Summary Judgment*

**{¶24}** Finally, the trial court's decision to grant the Treasurer's motion for summary judgment was proper. An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Maas v. Maas*, 2020-Ohio-5160, 161 N.E.3d 863, ¶ 13 (1st Dist.). Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Maas* at ¶ 13.

**{¶25}** The Treasurer brought this action under R.C. 5721.18. Under that statute, the county prosecuting attorney may institute foreclosure proceedings, in the name of the county treasurer, to foreclose a lien of the state for delinquent taxes. *Treasurer, Hamilton Cty., Ohio v. Scott*, 1st Dist. Hamilton No. C-200438, 2022-Ohio-1467, ¶ 10. R.C. 5721.18(B) provides that a complaint shall contain the following:

> permanent parcel number of each parcel included in it, the full street address of the parcel when available, a description of the parcel as set forth in the certificate or master list, the name and address of the last known owner of the parcel if they appear on the general tax list, the name and address of each lienholder and other person with an interest in the parcel identified in the title search relating to the parcel that is

9

required by this division, and the amount of taxes, assessments, charges, penalties, and interest due and unpaid with respect to the parcel.

*Goering v. Willow Creek Homeowner's Assn.*, 1st Dist. Hamilton Nos. C-010214 and C-210219, 2002-Ohio-3285, ¶ 10.

**{¶26}** The Treasurer's complaint complied with the requirements of the statute. Her motion for summary judgment was accompanied by Gabbard's affidavit, in which she testified that the true and accurate calculation of the delinquent taxes on the property was $17,404.74. Consequently, the Treasurer met her initial burden of informing the court of the basis for her motion and demonstrating the absence of any genuine issue of material fact. *See Dresher v. Burt*, 75 Ohio St.3d 280, 282-293, 662 N.E.2d 264 (1996); *Maas*, 2020-Ohio-5160, 161 N.E.3d 863, at ¶ 14.

**{¶27}** Guinn failed to meet his reciprocal burden to set forth specific evidentiary facts showing the existence of a genuine issue of material fact for trial. *See Dresher* at 293; *Maas* at ¶ 14. Guinn's response to the motion for summary judgment contained unsupported allegations of fraud, citations to irrelevant federal cases and statutes, and frivolous sovereign-citizen arguments. Therefore, the trial court did not err in granting the Treasurer's motion for summary judgment. We overrule Guinn's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CROUSE, P.J.,** and **KINSLEY, J.,** concur.

Please note:
The court has recorded its own entry this date.