[Cite as *Fiedeldey v. Finneytown Local School Dist. Bd. of Edn.*, 2024-Ohio-536.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| DARLA FIEDELDEY, | : | APPEAL NO. C-230010 |
|  |  | TRIAL NO. A-1803020 |
| Plaintiff-Appellee, | : |  |
|  |  |  |
| vs. | : | *O P I N I O N.* |
|  |  |  |
| FINNEYTOWN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, | : |  |
|  |  |  |
| Defendant-Appellant. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 14, 2024

*Mezibov Butler*, *Marc D. Mezibov*, and *Dennis A. Gleason*, for Plaintiff-Appellee,

*Bricker Graydon LLP*, *Jason R. Stuckey*, and *David J. Lampe*, for Defendant-Appellant.

CROUSE, Presiding Judge.

{¶1} Defendant-appellant Finneytown Local School District Board of Education (the "Board") appeals from the trial court's order of sanctions for contempt after it failed to comply with the court's order to reinstate plaintiff-appellee Darla Fiedeldey with back pay. The Board had terminated Fiedeldey following an incident where she dragged an uncooperative kindergarten student down a school hallway. This court previously affirmed the trial court's decision to reverse the Board's termination of Fiedeldey's employment as a kindergarten teacher. For the reasons that follow, we affirm the trial court's decision to find the Board in contempt and order sanctions.

## *I. Factual and Procedural History*

{¶2} Fiedeldey had been a kindergarten teacher at Finneytown's Brent Elementary School for 17 years, with an exemplary record, until October 2017, when the events at issue occurred. In a May 2019 entry, the trial court ordered the Board to reinstate Fiedeldey to her position as a kindergarten teacher, with back pay and other relief to make her whole. This court affirmed the trial court's judgment in *Fiedeldey v. Finneytown Local School Dist. Bd. of Edn.*, 2020-Ohio-3960, 156 N.E.3d 1017 (1st Dist.). The underlying merits and a history of the events are set forth in that opinion.

{¶3} The Board did not restore Fiedeldey to her position, nor did it provide the required back pay. In June 2022, Fiedeldey filed a motion requesting the trial court issue a show-cause order. The trial court held a hearing on the motion in September 2022. By that time, the Board had reemployed Fiedeldey, but rather than assigning her to a kindergarten teaching position, the Board employed her as a teaching assistant.

{¶4}     On October 18, 2022, the trial court entered an order finding the Board in contempt for its failure to implement the court's order. In its contempt order, the court ordered the Board to reinstate Fiedeldey to a kindergarten teaching position and remit the ordered back pay within 14 days. The Board filed an appeal with this court following the contempt order. However, this court dismissed that appeal on December 15, 2022, for lack of a final, appealable order because the trial court had not yet ordered sanctions against the Board.

{¶5}     The trial court held a purge hearing on December 28, 2022. The next day, the court entered an order finding that the Board had failed to purge itself of contempt. As a sanction, the court ordered the Board to pay Fiedeldey an additional $1,000 per month for its delay in carrying out the court's order, totaling $43,000, and additionally ordered that the Board would be sanctioned $1,000 per week until it complied. Finally, the court awarded attorney fees and costs to Fiedeldey.

{¶6}     Following the trial court's contempt order, the Board timely filed this appeal.

## II. Analysis

{¶7}     The Board raises three assignments of error challenging the trial court's contempt order. This court reviews the trial court's decision in a civil-contempt proceeding for an abuse of discretion. *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 21.

### A. First Assignment of Error

{¶8}     In its first assignment of error, the Board argues that it was error for the trial court to order it to pay Fiedeldey back pay for the period of time she did not have an active teaching license.

{¶9} In February 2020, the State Board of Education notified Fiedeldey of its intent to suspend or revoke her teaching license based on the October 2017 incident. As of October 2017, Fiedeldey held a 5-Year Professional Kindergarten-Elementary (K-8) License, which was valid from July 1, 2013, through June 30, 2018. Fiedeldey did not renew her teaching license following the 2017-2018 school year. In November 2021, the State Board of Education ordered that Fiedeldey's license would be (retroactively) suspended from October 2, 2017, through June 30, 2018. It further ordered that Fiedeldey would be ineligible to apply for renewal until after she completed four hours of training on nonphysical intervention. Fiedeldey subsequently applied for renewal of her teaching license in March 2022. Her license was then reinstated retroactive to July 1, 2021. The Board contends that it cannot, consistent with R.C. 3319.30 and 3319.36, provide back pay to Fiedeldey because it is contrary to statute to provide "any compensation for the performance of duties as teacher" to a person who lacks the appropriate teaching license.

{¶10} In response, Fiedeldey argues that res judicata prevents the court from entertaining this argument because the Board could have, but did not, raise this issue during the original appeal of this case. The Board counters that it was not notified that Fiedeldey's license had been suspended until November 2021, which was after the appeal was briefed and decided. Thus, the Board claims that Fiedeldey's licensure status is a change in circumstances, and it could not have presented this argument in the prior appeal.

{¶11} Under the doctrine of res judicata, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or *might have been* litigated in a first lawsuit." (Emphasis added.) *Rogers v. Whitehall*, 25 Ohio St.3d

4

67, 69, 494 N.E.2d 1387 (1986); *Pioneer Automotive, LLC v. Village Gate, LLC*, 1st Dist. Hamilton No. C-220630, 2023-Ohio-4501, ¶ 13. The doctrine applies both to subsequently filed lawsuits and to successive appeals filed in the same cause. *Pioneer Automotive* at ¶ 13. *See also Cornell v. Shain*, 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, ¶ 24, quoting *In re Appropriation for 1979*, 62 Ohio St.2d 99, 101, 403 N.E.2d 974 (1980) ("A party who does not comply with a final order cannot 'collaterally attack' that order 'via [an] appeal from the judgment of contempt.' ").

**{¶12}** In this assignment of error, the Board does not actually attack the trial court's contempt order. Rather, the Board is challenging the award of back pay as part of the damages award to Fiedeldey. The court's award of back pay was subject to appeal during the Board's first appeal in this matter. The record shows that Fiedeldey did not renew her license following the 2017-2018 school year. Although the retroactive suspension of Fiedeldey's teaching license was not decided until after the first appeal, Fiedeldey lacked an active teaching license at the time of the trial court's award of back pay. Thus, the argument that it was error for the trial court to order the Board to pay Fiedeldey for a period of time that she did not have an active teaching license could have been raised in the first appeal.

**{¶13}** Because the Board could have, but did not, challenge the award of back pay during the first appeal, it is now precluded from raising such an argument under the doctrine of res judicata. Accordingly, we overrule the Board's first assignment of error.

### *B. Second Assignment of Error*

**{¶14}** In its second assignment of error, the Board argues that the trial court lacked the authority to order it to assign Fiedeldey to a kindergarten teaching position,

rather than merely reinstating her employment in some capacity. Only the superintendent, the Board argues, is empowered to assign a teacher to a classroom position. The Board further argues that Fiedeldey is limited by R.C. 3319.16 to the specific relief prayed for within the complaint. Fiedeldey's complaint, in relevant part, requested that she "be reinstated to her job." The Board argues that Fiedeldey's "job" was "teacher," and that her "assignment" was to a kindergarten classroom.

{¶15}  Fiedeldey argues that the Board is also barred from relitigating this issue under the doctrine of res judicata.

{¶16}  Prior to the Board's first appeal, the trial court found that the Board was liable for wrongfully terminating Fiedeldey's employment and "ordered her restored to her position." Fiedeldey identified in her complaint that her employment with the Board was "as a kindergarten teacher," and the record reflects that this is the position she held continuously from 2001 until her removal in 2017.

{¶17}  Just like in its first assignment of error, the Board is challenging a decision of the trial court rendered before the Board's first appeal. The Board is likewise precluded from raising this challenge on the basis of res judicata. We therefore overrule the Board's second assignment of error.

### C. Third Assignment of Error

{¶18}  In its third assignment of error, the Board argues that the trial court failed to provide it an opportunity to purge itself of contempt before imposing a sanction. The Board argues that "[a] civil contempt order must afford a party with an opportunity to purge itself from contempt prior to imposing a sanction." In support of its position, the Board cites *State v. Kilbane*, 61 Ohio St.2d 201, 206-207, 400 N.E.2d 386 (1980), and *Carroll v. Detty*, 113 Ohio App.3d 708, 712, 681 N.E.2d 1383 (4th Dist.

6

1996).

**{¶19}** It is settled law that, "[a] sanction for civil contempt must allow the contemnor an opportunity to purge himself or herself of contempt." *Carroll* at 712.

**{¶20}** In the case at bar, the record shows that the trial court entered its order holding the Board in contempt on October 18, 2022. In its order, the court provided the three actions the Board must take to purge itself of contempt: (1) reinstate Fiedeldey to her full-time position as a kindergarten teacher, in charge of her own classroom; (2) remit to Fiedeldey the back pay ordered in 2019, with interest; and (3) remit to Fiedeldey the pay and benefits payments she should have received between the court's 2019 order and the present. The court ordered that the Board would have 14 days to comply with the contempt order. The court further ordered that Fiedeldey would be permitted to request fees and costs, as well as monetary sanctions, if the Board failed to comply with the contempt order.

**{¶21}** On December 23, 2022, Fiedeldey filed a motion requesting a hearing on the Board's failure to comply with the court's contempt order. In her motion, Fiedeldey requested that the court determine that the Board had not complied with the order, award to her the reasonable attorney fees incurred for prosecuting the contempt motion, and impose monetary sanctions in the amount of $1,000 per month for each of the 43 months that the Board had not complied with the court's original order and $1,000 per week during the time that the Board remains out of compliance.

**{¶22}** The court held a hearing on the motion, and on December 29, the court entered its award of sanctions against the Board.

**{¶23}** Although the trial court ordered that the Board would have 14 days to comply with its order, the court did not award sanctions until after Fiedeldey's motion

and a further hearing, more than two months after the court entered its contempt order. At any time during that period, the Board could have purged itself of the contempt and avoided the sanctions.

{¶24} Under these circumstances, we hold that the Board had ample opportunity after the court found it to be in contempt in which it could have purged itself of the contempt and avoided the subsequent sanctions. We therefore overrule the Board's third assignment of error.

### III. Conclusion

{¶25} Having overruled the Board's assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.